UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL OTERO,<br><br>         Plaintiff,<br><br>-against-<br><br>P.S.A. 4 PRECINCT WHOLE MAYOR AND ALL STAFF IN TOTAL,<br><br>         Defendant. | 24-CV-6084 (LTS)<br><br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Michael Otero ("Otero"), who is appearing *pro se*, brings this action regarding the confiscation of Plaintiff Sammy Santiago's ("Santiago") vehicle during Otero's arrest by New York City police officers. By order dated October 2, 2024, the Court dismissed Santiago from this action following his failure to submit an *in forma pauperis* ("IFP") application or pay the $405.00 in fees. On October 7, 2024, the Court granted Otero's IFP application.

  For the reasons set forth below, the Court dismisses the complaint and grants Otero 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[1] On May 26, 2024, on Houston Street in Manhattan,[2] Otero "was arrested . . . wrongfully and was charged with burglary." (ECF 1, at 5.) "[O]fficers from P.S.A. 4 state[] they were called, saying I was stealing from a construction site."[3] (*Id.*) Otero indicates that "[a]s I was walking away from a pickup truck that Sammy Santiago lend me, they came over to me, questioning me in what I was doing." (*Id.*) The officers then arrested Otero and charged him with disorderly conduct, although "tickets" were not "issued." (*Id.*) The officers confiscated Santiago's truck, and after Otero "was released," Santiago "tried to get his truck back which is registered to him." (*Id.*) Otero "got my property." (*Id.* at 5-6.) Santiago, on the other hand, "still is having problems with P.S.A. 4 in releasing the truck that is in his name." (*Id.* at 6.)

Otero states that "this complaint is for th[e] whole precinct and is for the Mayor as well for allowing this to happen. Again: never once was Sammy Santiago arrested or ticketed. It was me[.]" (*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Otero states that he was arrested on "Houston Street Brooklyn N.Y." (ECF 1, at 5.) The complaint indicates, however, that the arrest took place in Manhattan.

[3] The Court understands P.S.A. 4 to be the New York City Police Department's Police Service Area 4, located in Lower Manhattan. *See* NYPD, Police Service Area 4, https://perma.cc/P6ZW-Q2PQ.

## DISCUSSION

This action concerns the alleged confiscation of Santiago's truck. Otero is apparently attempting to assist Santiago in reclaiming his property. As a non-attorney, however, Otero cannot bring claims on behalf of Santiago. "[B]ecause *pro se* means to appear for oneself, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Because the Court dismissed Santiago from this action, any claims that Otero may be attempting to bring on behalf of Santiago must be also dismissed, without prejudice to Santiago asserting these claims on his own behalf. Consequently, because Otero does not assert any claims on behalf of himself, the Court dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Otero proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Otero may be able to allege facts in support of his own claims, the Court grants Otero 30 days' leave to amend his complaint to detail his claims.

If Otero does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. Any claims that Otero may be attempting to bring on behalf of Santiago are dismissed without prejudice to Santiago asserting these claims on his own behalf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 14, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge